**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 180601-U

Order filed February 18, 2021

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-18-0601 Circuit No. 17-CF-122 |
| MICHAEL S. OLIVARRI, | ) ) ) | Honorable Frederick V. Harvey, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE LYTTON delivered the judgment of the court.
Presiding Justice McDade and Justice Holdridge concurred in the judgment.

_____

**ORDER**

¶ 1        *Held*:  Evidence presented at a discharge hearing was insufficient to prove beyond a reasonable doubt that defendant was on or about a place of public accommodation at the time he committed a battery.

¶ 2        Defendant, Michael S. Olivarri, appeals the Will County circuit court's finding, following a discharge hearing, that he was "not not guilty" of aggravated battery.  Defendant contends that there was insufficient evidence that he committed the battery while on or about a place of public accommodation.  We reverse in part and affirm in part.

¶ 3                                     I. BACKGROUND

¶ 4        The State charged defendant with two counts of aggravated battery. Count I alleged that defendant knowingly made contact of an insulting or provoking nature with Jakob Iverson, a private security officer, in that he struck Iverson in the stomach while Iverson was performing his official duties (720 ILCS 5/12-3.05(d)(4)(i), (h) (West 2016)). The allegations in count II were similar, except that the State alleged that the battery occurred while Iverson was on or about a public place of accommodation, namely Silver Cross hospital (*id.* § 12-3.05(c)).

¶ 5        The circuit court found defendant unfit to stand trial and held a discharge hearing. 725 ILCS 5/104-25 (West 2016). At the hearing, Iverson testified that on January 16, 2017, he was working in security at Silver Cross hospital. He was dispatched to the emergency room (ER) to escort defendant, who was a patient, out of the hospital. Iverson stated that after telling defendant it was time to leave "[h]e actually did leave, and as we were walking out the door he stated that he's not leaving the property and he will leave as he pleases." Defendant then "went to the ground in an armadillo type fashion." When Iverson tried to help him up, defendant punched Iverson in the stomach.

¶ 6        The court found defendant "not not guilty" on both counts of aggravated battery and remanded defendant to the custody of the Department of Human Services. Defendant appeals.

¶ 7                                     II. ANALYSIS

¶ 8        Defendant solely challenges the finding of "not not guilty" on count II of aggravated battery. He argues that the State failed to present sufficient evidence to establish beyond a reasonable doubt that the battery took place on or about a place of public accommodation. The State contends that there was sufficient evidence to establish the battery occurred in or about the ER of Silver Cross hospital and that ERs are necessarily places of public accommodation because

pursuant to federal and state law, ERs must treat anyone who enters and is in need of emergency care. We find that the evidence was insufficient to prove beyond a reasonable doubt that the hospital where the battery occurred was a place of public accommodation.

¶ 9       A discharge hearing takes place after a defendant is found unfit to stand trial, and it determines whether to enter a judgment of acquittal, not to make a finding of guilt. *People v. Mayo*, 2017 IL App (2d) 150390, ¶ 3. Like a criminal proceeding, the State bears the burden of presenting sufficient evidence to establish the defendant's guilt beyond a reasonable doubt. *Id.* If the State presents sufficient evidence, the defendant is found "not not guilty." *Id.* We review the circuit court's judgment to determine whether the evidence, when viewed in the light most favorable to the State, would permit any rational trier of fact to find that the State proved the elements of the offenses beyond a reasonable doubt. *People v. Peterson*, 404 Ill. App. 3d 145, 150 (2010). We must allow all reasonable inferences from the evidence in favor of the State. *People v. Lloyd*, 2013 IL 113510, ¶ 42.

¶ 10      In order to obtain a finding of "not not guilty" as to aggravated battery under section 12-3.05(c) (720 ILCS 5/12-3.05(c) (West 2016)) as alleged in count II, the State needed to prove that defendant committed a battery on or about a place of public accommodation. Defendant does not dispute that he committed a battery by punching Iverson. Instead, defendant argues that the State failed to prove that he committed the battery on or about a place of public accommodation.

¶ 11      Here, Iverson's testimony established that he was dispatched to Silver Cross hospital's ER and was walking out the door with defendant when defendant "went to the ground." The battery occurred when Iverson went to help defendant get up. This evidence provided a basis upon which the court could reasonably infer that the battery occurred in or about the ER.

3

¶ 12     We now turn to the question of whether the sole fact that the location where the battery occurred was in or about a hospital ER establishes that it happened on or about a place of public accommodation.  The court in *People v. Ward*, 95 Ill. App. 3d 283, 287-88 (1981), indicated that a place of public accommodation is a place open or accessible to the public.  Additionally, in *People v. Torres*, 144 Ill. App. 3d 187, 190 (1986), the court stated that "an [ER] is not open to the general public in the sense that anyone may wander through" and that access to an ER by anyone other than those seeking treatment may be controlled by medical personnel.  Since ER access can be restricted and they are not necessarily open to the general public, the sole fact that the battery occurred in or about an ER is not sufficient to establish that it occurred in a place of public accommodation.  Here, the State needed to present some evidence to show that the location where the battery occurred, an area in or about the ER of Silver Cross hospital, was indeed open and/or accessible to the public in order to meet its burden of establishing that it was a place of public accommodation.  In its present state, the record is devoid of any such evidence.

¶ 13     The State admits it "did not offer evidence that Silver Cross Hospital is open to the public" but requests that this court take judicial notice of Silver Cross hospital's website, which indicates that the hospital provides healthcare to the citizens of Will County and the surrounding communities.  We decline to consider this information because "[a] reviewing court will not take judicial notice of critical evidentiary material that was not presented to and not considered by the fact finder during its deliberations."  *People v. Barham*, 337 Ill. App. 3d 1121, 1130 (2003).

¶ 14     The State further argues that since federal and state law requires ERs to provide some level of treatment to individuals suffering medical emergencies, they are necessarily open to the public by operation of law.  See 210 ILCS 80/1, 70/1 (West 2016); 42 U.S.C. § 1395dd.  But the fact that a hospital ER may be required to provide emergency services to a category of individuals, *i.e.*,

4

those suffering medical emergencies, does not equate to the ER being open or accessible to the public. Instead it is open to specific types of individuals for a limited purpose. Therefore, this argument does not support a finding that the Silver Cross hospital ER was a place of public accommodation.

¶ 15   In sum, since the State failed to present any evidence that the Silver Cross hospital ER was in fact open and/or accessible to the public, there was no evidence on which the circuit court could have found beyond a reasonable doubt that the ER was a place of public accommodation. As that was a necessary element of aggravated battery as charged in count II, the State failed to prove defendant "not not guilty" on that charge.

¶ 16                                    III. CONCLUSION

¶ 17   We reverse the Will County circuit court's finding of "not not guilty" and acquit defendant of aggravated battery as alleged in count II. We affirm the judgment entered on count I.

¶ 18   Reversed, in part, and affirmed in part.

¶ 19   Judgment of acquittal entered on count II of aggravated battery.